IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00148-MR
[CRIMINAL CASE NO. 1:20-cr-00101-MR-WCM-1]

| | |
|---|---|
| KIJON CHSIREA DAMON BURGOS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [CV Doc. 1][1] and Petitioner's "Request to Amend Petitioner's §2255 Motion" [CV Doc. 3].

## I. PROCEDURAL BACKGROUND

On October 6, 2020, Petitioner Kijon Chsirea Damon Burgos ("Petitioner") was charged in a Bill of Indictment with one count of felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 1: Bill

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:23-cv-00148-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:20-cr-00101-MR-WCM-1.

of Indictment]. Petitioner pleaded guilty to this charge without a plea agreement. [12/7/2023 Docket Entry]. Before the plea hearing, the Government filed a factual basis, which provided as follows. [CR Doc. 11: Factual Basis]. On May 8, 2020, Petitioner was stopped in Black Mountain, North Carolina, for driving 63 miles per hour (mph) in a 45-mph zone. The officer detected an odor of marijuana coming from Petitioner's vehicle. After Petitioner admitted to possessing marijuana and turning it over to the officer, the officer asked Petitioner if he had anything else illegal in the vehicle. Petitioner admitted that there was a firearm underneath his seat and that he is a convicted felon. Petitioner was removed from the vehicle and the officer searched the vehicle, finding the firearm. [Id.].

On December 7, 2020, the Magistrate Judge conducted Petitioner's Rule 11 hearing. [CR Doc. 12: Acceptance and Entry of Guilty Plea]. The Magistrate Judge reviewed all the elements of the crime charged and the maximum and minimum penalties of the offense. [Id. at 3-4]. Petitioner testified that he was pleading guilty because he is in fact guilty of the crime charged. [Id. at ¶ 26]. Petitioner also testified that he was "entirely satisfied with the services of [his] attorney." [Id. at ¶ 32]. Finally, Petitioner testified that he heard and understood all parts of the proceedings and wanted the Court to accept his guilty plea. [Id. at ¶ 33]. The Magistrate Judge accepted

Petitioner's guilty plea, finding that it was knowingly and voluntarily made. [Id. at 11].

Before Petitioner's sentencing hearing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 22]. The probation officer recommended a base offense level of 20 because the § 922(g) offense was committed after Petitioner sustained a felony crime of violence conviction, that is, Assault with a Deadly Weapon with Intent to Kill ("AWDWIK") in 2014. [Id. at ¶ 18]. The probation officer also recommended that Petitioner was subject to enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on his three prior North Carolina violent felony convictions. [Id. at ¶ 24]. These included two 2013 Breaking and Entering convictions and the 2014 AWDWIK. [Id. at ¶¶ 30-32]. Petitioner was under the age of 18 at the time of these convictions. [See id.]. With the ACCA enhancement and a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 30 and his criminal history category was IV, which would have yielded an advisory guidelines range of 135 to 168 months' imprisonment. [Id. at ¶¶ 24-27, 36]. Because the statutory minimum sentence under the ACCA was 15 years, however, the guideline term of imprisonment was 180 months. [Id. at ¶ 66]. The Court sentenced Petitioner to a term of imprisonment of 180 months. [CR Doc. 33:

3

Judgment]. Judgment on Petitioner's conviction was entered on June 4, 2021. [Id.].

Petitioner appealed, challenging the Court's application of the ACCA enhancement based on juvenile convictions. United States v. Burgos, 2022 WL 3136941, at *1 (Aug. 5, 2022). Petitioner's attorney on appeal filed a brief under Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious grounds for appeal but inquiring about the validity of Petitioner's ACCA sentence. Id. The Fourth Circuit affirmed, concluding that Petitioner's sentence was "correctly calculated and a 15-year statutory mandatory minimum sentence applied." Id. The Fourth Circuit noted that Petitioner's "youth at the time of his prior convictions" did not "call[ ] into question the use of those convictions for imposing [an ACCA sentence]." Id.

Petitioner timely filed the instant Section 2255 Motion to Vacate. [CV Doc. 1]. As grounds, Petitioner claims he received ineffective assistance of counsel because (1) his attorney failed to move to suppress the firearm because it was found from "an illegal search and seizure;" (2) his attorney failed to challenge the use of Petitioner's juvenile convictions to support the ACCA enhancement; and (3) his appellate attorney failed to challenge the illegal search and seizure or the use of the juvenile convictions on direct appeal. [Id. at 4-7, 9-10]. For relief, Petitioner asks the Court to vacate his

4

sentence, remove the ACCA enhancement, and resentence him "within the correct guidelines." [Id. at 14].

On or about August 3, 2023, Petitioner filed a motion to amend his motion to vacate, seeking "to add one ground challenging the underlying constitutionality of the 18 USC §922(g) statute based on emerging case-law" and "one ground challenging the mandatory enhancement under §924(e) when such enhancement is derived exclusively on conduct committed while Petitioner was a juvenile." [CV Doc. 3 at 1; see CV Doc. 3-1]. Petitioner asks the Court to allow him to file an amended § 2255 motion to vacate to assert these claims "on or before November 3, 2023." [Id. at 2]. The Court will deny Petitioner's motion to amend because the Court cannot extend AEDPA's mandatory one-year limitations period, and the proposed additional claims do not relate back to Petitioner's original motion to vacate.[2] 28 U.S.C. § 2255(f); Fed. R. Civ. P. 15(c).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether

---

[2] The Court notes that, even if it were to consider these claims as expressed in Petitioner's motion to amend, they would be denied as meritless.

5

the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's Motion to Vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Courts should ordinarily find ineffective assistance of counsel for failure to raise claims on appeal only when "ignored issues are clearly stronger than those presented." Smith v. Robbins, 528 U.S. 259, 288 (2000) (internal citation and quotation omitted). Appellate counsel is not required to assert all non-frivolous issues on appeal. Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). Rather, "it is the hallmark of effective appellate advocacy" to winnow out weaker arguments and to focus on more promising issues. Smith v. Murray, 477 U.S. 527, 536 (1986). Thus, "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Additionally, the petitioner still bears the burden of showing that there is a reasonable probability that but for counsel's failure to raise an issue on appeal, the result of the proceeding would have been different, i.e., that he would have prevailed on appeal. See Robbins, 528 U.S. at 285-86.

Petitioner claims his attorney was ineffective for failing to move to suppress the firearm evidence as from an illegal search and seizure. "[A] guilty plea constitutes a waiver of all nonjurisdictional defects[.]" United

7

States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30, 94 S.Ct. 2098 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. The record shows that Petitioner's guilty plea was knowing and voluntary and Petitioner does not argue otherwise. Petitioner thus waived his claim of ineffective assistance related to the allegedly illegal search. Moreover, the Court notes that Petitioner has not shown how the search of Petitioner's vehicle was unlawful in any event.

Next, Petitioner claims his attorney was ineffective for failing to challenge the use of his juvenile convictions in enhancing his sentence under the ACCA. This claim plainly fails. The Fourth Circuit concluded that Petitioner's sentence was correctly determined, and that the juvenile nature of his convictions did not preclude their use in enhancing Petitioner's sentence. Moreover, Petitioner "cannot 'circumvent a ruling … on direct appeal by re-raising the same challenge in a § 2255 motion.'" Dyess, 730 F.3d at 360 (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir.

2009)); see Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (claims considered on direct review may not be "recast under the guise of collateral attack").

Finally, Petitioner argues that his appellate counsel was ineffective for failing to challenge the allegedly illegal search or the use of the juvenile convictions to enhance his sentence. These claims also fail. As noted, by pleading guilty, Petitioner waived his claim relative to the allegedly illegal search. Appellate counsel is not ineffective for declining to raise frivolous or unsupported arguments on appeal. Petitioner also wholly failed to show he was prejudiced by his attorney's decision not to raise this argument. As to Petitioner's claim relative to his juvenile convictions, Petitioner's appellate counsel did seek review of Petitioner's ACCA sentence, which the Fourth Circuit affirmed.

In sum, Petitioner has failed to show he is entitled to relief under § 2255 and his motion to vacate will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. §

9

Case 1:23-cv-00148-MR   Document 4   Filed 08/29/23   Page 9 of 11

2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Request to Amend Petitioner's § 2255 Motion [Doc. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 28, 2023

Martin Reidinger
Chief United States District Judge